UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TIRRELL L. CLEMMONS,

        Petitioner,

v.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
MICHIGAN,

        Respondent.

Case No. 1:22-cv-290

Honorable Gordon J. Quist

_____/

## **OPINION**

This is an action brought by a federal prisoner. Petitioner, Tirrell L. Clemmons, is presently serving a life sentence in the custody of the Federal Bureau of Prisons at USP Florence ADMAX in Florence, Colorado. Petitioner was tried and sentenced in this Court. *United States v. Clemmons*, 1:98-cr-00229-2 (W.D. Mich.).

The U.S. Court of Appeals for the Sixth Circuit recently described the procedural history relating to Petitioner's conviction, his direct appeal, and his subsequent challenges to his conviction and sentence as follows:

> In 2000, a jury found Clemmons guilty of conspiracy to distribute and possession with intent to distribute cocaine base (Count 1), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and aiding and abetting the use of a firearm in relation to a drug-trafficking crime causing death (Count 3), in violation of 18 U.S.C. §§ 2, 924(c), and 924(j). The district court sentenced Clemmons to life imprisonment. We affirmed the convictions and sentence on appeal. *United States v. Winston*, 55 F. App'x 289 (6th Cir. 2003).
>
> More than fifteen years later, Clemmons filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court denied the motion as time-barred, observing that Clemmons had filed, back in 2005, a "Motion for Re-Sentencing/Sentencing Adjustment" that was also construed as an untimely

> § 2255 motion. *Clemmons v. United States*, No. 1:19-cv-636, 2019 WL 4601690 (W.D. Mich. Sept. 23, 2019); *see United States v. Clemmons*, No. 1:98-cr-229-02 (W.D. Mich. Mar. 16, 2005). Clemmons then filed a motion for authorization to file a second or successive § 2255 motion that was denied. *See In re Clemmons*, No. 20-1368 (6th Cir. Oct. 26, 2020).
>
> Meanwhile, Clemmons filed his first motion to reduce his sentence under § 3582(c)(2) in 2007, based on a Sentencing Guidelines amendment applicable to certain cocaine base offenses. The district court denied that motion. Clemmons filed his second § 3582(c)(2) motion in 2012, seeking relief based on Amendment 750. The district court denied the motion for the same reasons that it denied the first motion, including an assessment that Clemmons's prison record and criminal conduct were both "horrible," and we affirmed the denial. *United States v. Clemmons*, No. 12-2381 (6th Cir. May 29, 2013). Clemmons filed his third § 3582(c)(2) motion in 2015 based on Amendment 782. The district court denied that motion as well.
>
> In February 2021, Clemmons filed this fourth motion to reduce his sentence, with references to section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. *See* 18 U.S.C. § 3582(c)(1)(B) (authorizing the district court to modify a sentence if "expressly permitted by statute"). He argued that he was entitled to resentencing under the Fair Sentencing Act of 2010, which the First Step Act had made retroactive. The district court denied the motion. Clemmons filed a notice of appeal, the timeliness of which the government does not challenge.

*United States v. Clemmons*, No. 21-1353, pp. 1–2 (6th Cir. Dec. 6, 2021).  The Sixth Circuit Court affirmed the district court's denial of Petitioner's motion:

> The district court, in adjudicating all of the prior motions filed by Clemmons, has consistently concluded that his criminal history and prison conduct has warranted no change to his sentence. With respect to this motion, the district court noted that, aside from the offenses that led him to prison in the first place, Clemmons "continued his violent life by assaulting prison staff and other inmates" to the point that he is incarcerated at United States Penitentiary, Administrative Maximum Facility, near Florence, Colorado. The government notes that this is the same facility that houses some of the most notorious criminals alive, including "El Chapo, the Unabomber, the Boston marathon bomber, and an Oklahoma City bomber." The fact that the district court has been consistent in its assessment of Clemmons does not demonstrate a failure to consider the § 3553(a) sentencing factors. The district court did not abuse its discretion in denying the motion.

*Id*. at pp. 3–4.

The issue Petitioner raises by way of the present action is the same issue he raised in his § 2255 motion in *Clemmons v. United States*, No. 1:19-cv-636 (W.D. Mich.).  In that motion

2

Petitioner argued that the undersigned had violated his constitutional rights to a fair trial and an impartial jury, and his rights under the Federal Rules of Civil Procedure, when the Court refused to remove a juror "due to the juror's clear and self-admitted distress and question of her ability to concentrate and perform." *Id*., (ECF No. 1, PageID.5.) This time, however, Petitioner does not raise the issue under 28 U.S.C. § 2255, he raises it under 28 U.S.C. §§ 1361, 1651, and 2241.

**I.      Mandamus claims**

Petitioner seeks mandamus relief under 28 U.S.C. §§ 1361 and 1651. A petition for writ of mandamus is a civil action filed by a prisoner seeking redress from a governmental officer or entity. *See Green v. Nottingham*, 90 F.3d 415, 417–18 (6th Cir. 1996). As such, the petition is subject to all the provisions of 28 U.S.C. § 1915A. Therefore, with respect to Petitioner's claims under 28 U.S.C. §§ 1361 and 1651, this Court must conduct a preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b) ("The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity . . . .").

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Petitioner's *pro se* pleading indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss the mandamus petition for failure to state a claim upon which relief can be granted against the Respondent.

Section 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency

3

thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Petitioner does not seek relief against an individual officer or employee; instead, he sues the "United States District Court for the Western District of Michigan Southern Division." (ECF No. 1, PageID.1.) Setting aside the oddity of this Court being asked to compel itself to act, whether this Court has jurisdiction under § 1361 depends on whether the United States District Court for the Western District of Michigan Southern Division is an "agency" of the United States.

In *Trackwell v. United States Government*, 472 F.3d 1242 (10th Cir. 2007), the court considered whether a federal court was an agency of the United States within the meaning of the mandamus statute:

> Section 1361 grants district courts original jurisdiction over any action in the nature of mandamus brought to compel the performance of a duty owed to a plaintiff by "an officer or employee of the United States or any agency thereof." 28 U.S.C. § 1361. Jurisdiction exists for Mr. Trackwell's claim against the Supreme Court only if the Court is an "agency." For purposes of Title 28 of the United States Code, the term agency is defined to include "any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense." 28 U.S.C. § 451. The term department is defined as "one of the executive departments enumerated in section 1 of Title 5, unless the context shows that such term was intended to describe the executive, legislative, or judicial branches of the government." *Id*.

> This definition of agency does not encompass the Supreme Court. In *Hubbard v. United States*, 514 U.S. 695, 115 S. Ct. 1754, 131 L.Ed.2d 779 (1995), the Supreme Court construed the identical definitions (although appearing in 18 U.S.C. § 6, rather than 28 U.S.C. § 451) in determining whether a false statement in a bankruptcy proceeding violated 18 U.S.C. § 1001, which at the time prohibited such statements "in any matter within the jurisdiction of any department or agency of the United States." 18 U.S.C. § 1001 (1994). The Court began by observing:

>> In ordinary parlance, federal courts are not described as "departments" or "agencies" of the Government. As noted by the Sixth Circuit, it would be strange indeed to refer to a court as an "agency." *See* [*United States v. Hubbard*,] 16 F.3d [694], at 698, n. 4 [(6th Cir.1994)] ("The U.S. Court of Appeals is not the Appellate Adjudication Agency"). And while we have occasionally spoken of the three branches of our Government, including the Judiciary, as "departments," *e.g.*, *Mississippi v. Johnson*, 4 Wall. 475,

4

> 500, 18 L. Ed. 437 (1867), that locution is not an ordinary one. Far more common is the use of "department" to refer to a component of the Executive Branch.

*Hubbard*, 514 U.S. at 699, 115 S.Ct. 1754 (brackets in original omitted).

Turning to the statutory definitions, the Court said that they "create a presumption in favor of the ordinary meaning of the terms at issue." *Id*. at 700, 115 S. Ct. 1754. "Under § 6," it continued, "it seems incontrovertible that 'agency' does not refer to a court," *id*., although the Court "express[ed] no opinion as to whether any other entity within the Judicial Branch might be an 'agency' within the meaning of § 6." *Id*. at n. 3. The Court acknowledged that the word "'[d]epartment' . . . might be interpreted under § 6 to describe the Judicial Branch." *Id*. at 700, 115 S. Ct. 1754. But, it said, such an interpretation was permitted by the statutory definition only if the "context" of the statute being interpreted "'shows' that Congress intended the word to be used in the unusual sense," *id*., and, it added, "§ 6 permits such an interpretation only if the context . . . is fairly powerful." *Id*. The Court then stated that "[i]n the case of § 1001, there is nothing in the text of the statute, or in any related legislation, that even suggests—let alone 'shows'—that the normal definition of 'department' was not intended." *Id*. at 701, 115 S. Ct. 1754.

The same can be said of § 1361. The context of the statute argues for, not against, exclusion of the judiciary from its compass. For a district court to issue a writ of mandamus against an equal or higher court would be remarkable. As Justice Harlan wrote in his concurrence in *Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 94, 90 S. Ct. 1648, 26 L.Ed.2d 100 (1970), "§ 1361 . . . extends to 'officers,' 'employees,' and 'agencies' of the United States; there is no indication that it empowers the District Courts to issue mandamus to other judicial tribunals." This construction of § 1361 is also supported by decisions of sister circuits, who, without referring to the definitions in 28 U.S.C. § 451, have limited the scope of 28 U.S.C. § 1391(e), the venue provision for § 1361 enacted along with § 1361 in the Mandamus and Venue Act of 1962, Pub. L. No. 87–748, 76 Stat. 744. In *Liberation News Service v. Eastland*, 426 F.2d 1379 (2d Cir.1970), a suit in which 10 United States Senators were among the defendants, the court concluded that "in enacting §§ 1361 and 1391(e), Congress was thinking solely in terms of the executive branch." *Id*. at 1384. The court held that venue as to the Senators, therefore, could not be established under § 1391(e). *See id*. Relying on *Eastland*, two other circuit courts have held that § 1391(e) does not apply to defendants affiliated with the judicial branch. *See King v. Russell*, 963 F.2d 1301, 1303–04 (9th Cir.1992) (per curiam) (§ 1391(e) not applicable because federal defendants were bankruptcy court judges and officials); *Duplantier v. United States*, 606 F.2d 654, 663–64 (5th Cir. 1979) (§ 1391(e) not applicable to Judicial Ethics Committee or its chairman, a federal judge, with respect to their "judicial administrative function" in enforcing the Ethics in Government Act). Accordingly, we hold that the Supreme Court is not an "agency" within the meaning of § 1361 and therefore the district court lacked jurisdiction over a § 1361 action against the Supreme Court.

5

*Trackwell*, 472 F.3d at 1245–47 (footnotes omitted).  The reasoning that led the 10th Circuit Court of Appeals to conclude that the United States Supreme Court is not an agency within the meaning of § 1361 is compelling and applies equally to the lower federal courts.  Therefore, the Court concludes that Petitioner cannot state an action for mandamus relief under § 1361.  The Court will dismiss Petitioner's claim for relief under 28 U.S.C. § 1361.

Petitioner's request for mandamus relief against the Court under 28 U.S.C. § 1651, more commonly known as the All Writs Act, fares no better.  Section 1651 provides in part: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651.  The Sixth Circuit Court of Appeals has described the scope of relief available under the Act as follows:

> The Act is not an independent source of jurisdiction. *See United States v. Denedo*, 556 U.S. 904, 911, 129 S. Ct. 2213, 173 L. Ed. 2d 1235 (2009). Rather, the Act serves to "fill[ ] the interstices of federal judicial power when those gaps threatened to thwart the otherwise proper exercise of federal courts' jurisdiction." *Penn. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 41, 106 S. Ct. 355, 88 L. Ed. 2d 189 (1985). As the text of § 1651 states, the district court's order must be "agreeable to the usages and principles of law." "In determining what auxiliary writs are 'agreeable to the usages and principles of law,' we look first to the common law." *United States v. Hayman*, 342 U.S. 205, 221 n.35, 72 S. Ct. 263, 96 L. Ed. 232 (1952). The Supreme Court has cautioned that "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Penn. Bureau of Corr*., 474 U.S. at 43, 106 S. Ct. 355. The Act "does not authorize [federal courts] to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Id*. Even when no statute seemingly precludes the district court's action, we consider whether the action is "consistent with the intent of Congress." *United States v. New York Tel. Co.*, 434 U.S. 159, 172, 98 S. Ct. 364, 54 L. Ed. 2d 376 (1977).

*Twyford v. Shoop*, 11 F.4th 518, 523–24 (6th Cir. 2021).

There is a statute that specifically addresses the collateral challenge Petitioner raises here: 28 U.S.C. § 2255.  Petitioner has already availed himself of that statutory remedy, and he has done so specifically with respect to the issues he raises in the present petition.  The Sixth Circuit has

6

described that remedy under § 2255 as exclusive. *See Taylor v. United States*, 518 F. App'x 348, 349 (6th Cir. 2013). Moreover, if that statute should prove inadequate, the fallback position is not the All Writs Act, it is a petition under 28 U.S.C. § 2241. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (stating "a federal prisoner may also challenge the validity of his conviction or sentence under § 2241 if § 2255 is 'inadequate or ineffective to test the legality of his detention,' according to the 'savings clause' of 28 U.S.C. § 2255 . . . ."). As the Seventh Circuit explained in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998):

> We can set quickly to one side the All Writs Act and the esoteric writs (not only coram nobis, but also audita querela) that Nichols seeks under it . . . . The relief sought (his freedom), and the ground on which it is sought (that the crime for which he is being punished does not exist), are standardly sought either by applying for habeas corpus or, in the case of a federal prisoner, by moving for relief under section 2255. If, the section 2255 route being barred to Nichols by the Antiterrorism Act, section 2241 remains open to him, he can get all the relief he wants under that section. If it is closed to him—if Congress has forbidden federal prisoners to proceed under 2241 even when 2255 is closed to them—then it would be senseless to suppose that Congress permitted them to pass through the closed door simply by changing the number 2241 to 1651 on their motions.

*Davenport*, 147 F.3d at 608 (cited with approval in *Halliburton v. United States*, 59 F. App'x 55, 56–57 (6th Cir. 2003)). Accordingly, the Court concludes that the All Writs Act does not afford Petitioner a remedy. The Court will dismiss Petitioner's claims under 28 U.S.C. § 1651.

## II.   Habeas claims

With respect to Petitioner's claims under § 2241, promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases.[1] If so, the

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). Alternatively, a preliminary review is required by 28 U.S.C. § 2243. Under that provision, a court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After undertaking the preliminary review required by statute and rule, the Court concludes that the petition must be dismissed because the Court does not have jurisdiction over Petitioner's habeas claims.

A habeas petition under 28 U.S.C. § 2241 must be filed in the district having jurisdiction over Petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *see also Robinson v. Morrison*, 27 F. App'x 557 (6th Cir. 2001) ("While a motion to vacate sentence under 28 U.S.C. § 2255 must be filed in the district court which sentenced the movant, a petition for a writ of habeas corpus under § 2241 is confined to the district court having jurisdiction over the petitioner's custodian." (citing *In re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999))). Petitioner's custodian is in Colorado, not Michigan.

Section 1631 of Title 28, United States Code authorizes the Court to transfer a habeas petition to the federal district court having jurisdiction over a habeas petitioner's custodian. Accordingly, the Court will transfer the habeas petition to the United States District Court for the District of Colorado.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint seeking mandamus relief is properly dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b).  Having conducted the review of Petitioner's habeas claim under Rule 4 of the Rules Governing Habeas Corpus actions and 28 U.S.C. § 2243, the Court concludes it does not have jurisdiction over Petitioner's § 2241 claim.  In lieu of dismissing that claim, however, under 28 U.S.C. § 1631, the Court will transfer the petition to the United States District Court for the District of Colorado.

An order consistent with this opinion will be entered.


Dated: May 2, 2022                                        /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE